KAREN P. HEWITT
United States Attorney
MELANIE K. PIERSON
Assistant U.S. Attorney
California State Bar No. 112520
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 557-5685

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 07-CR-2852-JAH |
| Plaintiff, | |
| v. | GOVERNMENT'S MOTION FOR HANDWRITING EXEMPLARS |
| JAMES FOLSOM | Date: April 7, 2008 |
| Defendants. | Time: 8:30 a.m. |

COMES NOW the United States of America, by and through its attorneys, Karen P. Hewitt, United States Attorney, and Melanie K. Pierson, Assistant U.S. Attorney, and hereby files its Motion for Handwriting Exemplars, together with attached Statement of Facts and Memorandum of Points and Authorities.

I

STATEMENT OF FACTS

At issue in this case are numerous transactions, conducted in the name of "Jim Anderson". The government is in possession of checks deposited to the defendant's bank account, endorsed by "Jim Anderson", as well as handwritten ledgers and other documents. The Government seeks to prove, through a handwriting expert, that defendant Jim Folsom's handwriting appears on the various checks and other documents, as Jim Anderson, and as the writer of other incriminating documents. Defense

1 counsel has advised that the case will likely proceed to trial, making such expert testimony immediately
2 relevant.

## II.

## POINTS AND AUTHORITIES

The Fifth Amendment privilege against self incrimination protects a defendant against the compelled production of testimonial or communicative evidence, rather than evidence of a real or physical nature. <u>Schmerber v. California</u>, 384 U.S. 757 (1966). Handwriting is an identifying physical characteristic, so requiring a defendant to provide a handwriting exemplar does not violate the constitutional guarantee against self-incrimination. <u>Gilbert v. California</u>, 388 U.S. 263 (1967).

A mere handwriting exemplar, in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside the protection of the Fifth Amendment. <u>United States v. Pheaster</u>, 544 F.2d 353, 373 (9th Cir. 1976). In <u>Pheaster</u>, the agent dictated the words to the defendant to write for the exemplar, and the defendant made the same unusual spelling mistakes as found in the kidnapper's note. The defendant claimed that the misspelling were testimonial in nature, rather than a physical characteristic, but the Ninth Circuit disagreed. The Court noted that spelling, like penmanship, is acquired by learning and the manner of spelling a word is no less an identifying characteristic than the manner of crossing a "t" or looping an "o". <u>Id.</u> Handprinting, like handwriting, is within the rule of <u>Gilbert</u>. <u>United States v. Rudy</u>, 429 F.2d 993, 994 (9th Cir. 1970). So long as the specific phrases used in the exemplar are to serve as examples of handwriting, and not as testimonial expressions of the truth of those phrases, the exemplar does not constitute a violation of the privilege against self-incrimination under the Fifth Amendment. <u>United States v. Antill</u>, 579 F.2d 1135 (9th Cir. 1978).

In the instant case, there is a limited amount of writing and printing which the Government seeks to compare with the handwriting of defendants. None of it could be construed as testimonial in nature, and therefore none would be protected under the Fifth Amendment.

//
//
//

III.

<u>CONCLUSION</u>

On the basis of the foregoing, the Government respectfully requests that its Motion for Handwriting Exemplars be granted.

DATED:     March 7, 2006

Respectfully submitted,

KAREN P. HEWITT
United States Attorney


MELANIE K. PIERSON
Assistant U.S. Attorney